UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2012 JUN 18 PM 4:33
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

-------------------------------X
CONSTANCE J. SCHALLIPP a/k/a          :   Civil Action
CONSTANCE LANG, Executrix of          :
the Estate of RICHARD F.              :   COMPLAINT, and JURY
LANG and CONSTANCE LANG,              :   DEMAND
Individually,                         :
                                      :   CV12 3039
         Plaintiffs,                  :
                                      :   SUMMONS ISSUED
v.                                    :
                                      :
GRANITE CONSTRUCTION INC.,            :
GRANITE CONSTRUCTION                  :
NORTHEAST, INC., GRANITE              :
CONSTRUCTION COMPANY OF               :   AMON, CH.J.
CALIFORNIA a/k/a GRANITE              :
CONSTRUCTION COMPANY, RISA            :
MANAGEMENT CORP., ABC CORP.           :
1-50 (fictitious entities,            :
real names unknown),                  :   MANN. M.J.
                                      :
         Defendants.                  :
                                      :
-------------------------------X

Plaintiff, Constance J. Schallipp a/k/a Constance Lang (hereinafter "Constance Lang"), individually and as Executrix of the Estate of Richard F. Lang, presently a resident of the State of New Jersey, by her attorneys, WILENTZ, GOLDMAN & SPITZER, P.A., by way of Complaint against the Defendants, alleges as follows:

**SUBJECT MATTER (DIVERSITY) JURISDICTION**

1.   Plaintiff, Constance Lang, individually and as Executrix of the Estate of Richard Lang, resides at 117

#6460609.1

Greenlawn Avenue, in the Township of Middlesex, County of Middlesex, New Jersey, and is a citizen of the State of New Jersey.

2. Defendant, Granite Construction, Inc., is a publicly traded corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 585 West Beach Street, Watsonville, California.

3. Defendant, Granite Construction Northeast, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 585 West Beach Street, Watsonville, California.

4. Defendant, Granite Construction Company of California a/k/a Granite Construction Company, is a corporation organized and existing under the laws of the State of California, with its principal place of business at 585 West Beach Street, Watsonville, California.

5. Defendant, Risa Management Corp., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1400 Old Country Road, Suite 109, Westbury, New York 11590.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.   This Court, therefore, has subject matter (diversity) jurisdiction in this action pursuant to 28 U.S.C. §1332.

**PERSONAL JURISDICTION**

8.   At all times relevant herein, the defendants, Granite Construction Inc., Granite Construction Northeast, Inc. and/or Granite Construction Company of California a/k/a Granite Construction Company, and/or ABC Corp. 1-10 (fictitious names representing as yet unidentified business entities), were authorized and/or actually transacting business in the State of New York.

9.   At all times relevant herein, the defendant, Risa Management Corp. and/or ABC Corp. 11-20 (fictitious names representing as yet unidentified business entities), was authorized and/or actually transacting business in the State of New York.

10.   This Court, therefore, has personal jurisdiction over each of the aforementioned defendants.

**VENUE**

11.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) in that it is the judicial district in which a substantial part of the events giving rise to the claims accrued.

## FIRST COUNT

12. At all times relevant herein, upon information and belief, the defendant, Granite Construction Northeast, Inc. and/or Granite Construction Inc. and/or Granite Construction Company of California a/k/a Granite Construction Company and/or ABC Corp. 1-10 (fictitious names representing as yet unidentified business entities), owned, leased, franchised, operated, supervised, maintained, was the general contractor for and/or otherwise controlled the property, premises, equipment and/or work activities at the renovation / construction project of the elevated train station ("M" Street Station), Brighton Line, located at 15th Street at Chestnut Street, Brooklyn, New York ("the subject construction project").

13. At all times relevant herein, upon information and belief, the defendant, Granite Construction Northeast, Inc. and/or Granite Construction Inc. and/or Granite Construction Company of California a/k/a Granite Construction Company and/or ABC Corp. 1-10 (fictitious names representing as yet unidentified business entities), as the general contractor, was responsible for the safety of all workers / employees, including workers / employees of any and all subcontractors, at the subject construction project.

#6460609.1

14. At all times relevant herein, upon information and belief, the defendant, Granite Construction Northeast, Inc. and/or Granite Construction Inc. and/or Granite Construction Company of California a/k/a Granite Construction Company and/or ABC Corp. 1-10 (fictitious names representing as yet unidentified business entities), as the general contractor, was responsible for conducting safety inspections, safety meetings, safety training, and ensuring that all workers / employees, including workers / employees of any and all subcontractors, engage in safe work practices, including safe or proper use of equipment, at the subject construction project.

15. At all times relevant herein, upon information and belief, the defendant, Granite Construction Northeast, Inc. and/or Granite Construction Inc. and/or Granite Construction Company of California a/k/a Granite Construction Company and/or ABC Corp. 1-10 (fictitious names representing as yet unidentified business entities), as the general contractor, was responsible for preventing and/or instructing any and all workers / employees, including workers / employees of any and all subcontractors, from engaging in unsafe work practices, including unsafe or improper use of equipment, at the subject construction project.

16. At all times relevant herein, upon information and belief, the defendant, Risa Management Corp. and/or ABC Corp. 11-20 (fictitious names representing as yet unidentified business entities), owned, leased, operated, supervised, maintained, was a contractor (subcontractor) for and/or otherwise controlled the premises, property, equipment and/or work activities at the subject construction project.

17. At all times relevant herein, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), fabricated, produced, assembled, manufactured, built, loaded and/or were responsible for unloading approximately 11 wall panels to be delivered and utilized at the subject construction project.

18. At all times relevant herein, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), were responsible for safely

#6460609.1

loading and unloading the wall panels to be utilized at the subject construction project.

19. At all times relevant herein, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), loaded / placed the wall panels (vertically) onto a flatbed truck operated by Plaintiff's Decedent RICHARD F. LANG (hereinafter "Plaintiff's Decedent") and owned by Plaintiff's Decedent's employer, Preferred Transit Inc. a/k/a Brinker Enterprises, Inc., and/or Robert Vilasi ("the subject truck").

20. At all times relevant herein, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), were responsible for fabricating, building and utilizing a custom / heavy metal rack to be placed upon the subject truck, to secure and thus ensure the safe loading, transport and unloading of the wall panels, to

-7-

#6460609.1

be delivered to and utilized at the subject construction project.

21. At all times relevant herein, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), were responsible for inspecting and ensuring that the subject truck was equipped with the necessary safety features to secure and thus ensure the safe loading, transport and unloading of the wall panels, to be delivered to and utilized at the subject construction project.

22. On or about June 25, 2010, upon information and belief, during the course of his employment, Plaintiff's Decedent was working on premises / property and/or utilizing equipment and/or engaged in work activities controlled and/or supervised by defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities).

23. On or about June 25, 2010, upon information and belief, prior to loading / placing the wall panels, each

-8-

weighing approximately 1,200 pounds, onto the subject truck, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), were aware that a custom / heavy metal rack had to be utilized in order to safely load, transport and unload the wall panels, considering the weight, size and position of each wall panel and the cumulative load of same.

24.  On or about June 25, 2010, upon information and belief, prior to loading the wall panels onto the subject truck, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), fabricated and/or utilized approximately eight channel iron posts, each approximately four inches in width and approximately eight feet in height, affixing same to the four sides of the subject truck, thereafter loading the wall panels onto the truck utilizing nylon loading straps to maintain the wall panel load on the flatbed truck while in transit.

#6460609.1

25.  At all times relevant hereto, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), were negligent, grossly negligent and/or reckless in loading the wall panels onto the subject truck, failing to take the necessary safety steps and failing to utilize necessary safety equipment (*e.g.*, a custom / heavy metal rack) to ensure that the wall panels were safely loaded and secured, for transport and unloading.

26.  On or about June 25, 2010, upon information and belief, Plaintiff's Decedent transported the subject wall panels, via his operation of the aforementioned flatbed truck, to the subject construction project.

27.  On or about June 25, 2010, upon arrival at the subject construction project, upon information and belief, employees, agents, servants and/or representatives of the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), observed and/or should have

-10-

#6460609.1

observed that the wall panels were leaning to one side of the flatbed truck, appreciating and raising concerns about this unsafe condition.

28. At all times relevant hereto, upon information and belief, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), were negligent, grossly negligent and/or reckless in unloading the wall panels from the subject truck, failing to take the necessary safety steps and failing to utilize necessary safety equipment to ensure that the wall panels were safely unloaded.

29. On or about June 25, 2010, upon information and belief, despite having knowledge of the inherently unsafe condition involving the wall panels, which had been created by one or more of the aforementioned defendants in the first place, the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), proceeded to unload the panels

#6460609.1

by removing some of the metal channel posts from the street side of the subject truck, while also climbing on top of the load.

30. Thereafter, on or about June 25, 2010, upon information and belief, Plaintiff's Decedent was requested by employees, agents, servants and/or representatives of one or more of the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), to commence the removal of the nylon straps.

31. At that time, upon information and belief, as Plaintiff's Decedent began to loosen and/or remove said nylon straps, the subject wall panels, which were standing vertically, shifted against the metal channel posts staked on the sides of the flatbed, wherein said posts could not support the subject wall panels and the weight of same caused the metal posts to bend and fail, whereupon a number of panels fell off the truck and upon Plaintiff's Decedent, pinning him to the ground, causing catastrophic injuries and resulting in his death, in part, due to asphyxiation.

32. The defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of

California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), upon information and belief, were negligent and breached their duty to Plaintiff's Decedent, a business invitee and/or an employee of a subcontractor at the subject construction project, in that they failed to provide Plaintiff's Decedent with a safe place to work; failed to provide safety devices; failed to safely load and unload the subject wall panels; failed to properly brace, support and secure the subject wall panels onto the flatbed truck; failed to secure the subject loaded flatbed and prevent individuals from approaching same once an unsafe condition was observed and failed to correct same; failed to provide notice to Plaintiff of the dangerous conditions that Plaintiff's Decedent was subjected to; created a dangerous condition; permitted the aforementioned unsafe and hazardous conditions; permitted and/or requested Plaintiff's Decedent to engage in an unsafe work activity or practice; and otherwise were negligent, grossly negligent and/or reckless, as a result of which Plaintiff's Decedent, Richard Lang, was caused to be struck by the subject wall panels tipping and/or falling from the flatbed onto him thereby sustaining sundry and multiple severe and permanent injuries, asphyxiation and death.

33. More specifically, the aforementioned defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), upon information and belief, were negligent, in that the defendants:

(a) Knew or should have known that a dangerous and hazardous condition existed on the premises and equipment and allowed same to so exist;

(b) allowed a dangerous and hazardous condition to exist on said premises and/or equipment;

(c) did not exercise reasonable, due and proper care;

(d) did not keep the premises in a safe condition;

(e) failed to provide proper safeguards and/or warnings on said property and structures thereto under the circumstances then and there existing;

(f) failed to comply with applicable safety standards;

(g) failed to maintain and routinely inspect;

(h) failed to exercise reasonable care and take such precautions as were necessary; and/or

(i) were otherwise negligent in ownership, letting, operation, maintenance, management, supervision, inspection, and/or control of said premises and equipment.

34. As a direct and proximate result of the aforementioned defendants' negligence and/or recklessness on or

#6460609.1

about June 25, 2010, Plaintiff's Decedent, Richard Lang, sustained critical injuries, was forced to endure excruciating pain and suffering, physical and emotional / mental, and ultimately expired due to said injuries.

35. By reason of the foregoing, upon information and belief, the aforementioned defendants are jointly and severally liable.

36. By reason of the foregoing, Plaintiff's Decedent's estate is entitled to recover all of Plaintiff's Decedent's damages from the aforementioned defendants pursuant to CPLR 3017(c).

37. By reason of the foregoing, pursuant to CPLR 3017(c), Plaintiff's Decedent's estate is entitled to recover from the aforementioned defendants, individually and/or jointly, all damages recoverable in a survival action under EPTL 11-3.3 (and related provisions), including damages for Plaintiff's Decedent's conscious pain and suffering through the time of his death, medical expenses, funeral expenses, etc.

WHEREFORE, plaintiff, Constance Lang, Executrix of the Estate of Richard Lang, demands judgment against the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20

(fictitious names representing as yet unidentified business entities), on the FIRST CAUSE OF ACTION pursuant to CPLR 3017(c), and demands that she be awarded all damages and relief to which Plaintiff's Decedent's Estate and Plaintiff are entitled in a Survival Action, in an amount to be determined upon the trial of this action, together with interest, costs, disbursements, attorneys fees, and such other, further, or different relief that the Court may find just, proper, and equitable under circumstances.

### SECOND COUNT

1. Plaintiff repeat and re-alleges each and every allegation of the First Count as though fully set forth herein at length and makes them a part hereof.

2. Upon information and belief, as a direct and proximate result of the negligence, carelessness and/or recklessness of the aforementioned defendants, individually and/or jointly, Plaintiff's Decedent sustained significant critical personal injuries, which resulted in his premature and untimely death on or about June 25, 2010.

3. By reason of the foregoing, upon information and belief, Plaintiff and the other next of kin of Plaintiff's Decedent have suffered significant pecuniary loss and have been deprived of Plaintiff's Decedent's support, comfort,

#6460609.1

companionship, guidance, advice, love, and affection, all to their damage in a substantial sum of money to be determined at the time of trial.

4. By reason of the foregoing, pursuant to CPLR 3017(c), Plaintiff and the other next of kin of Plaintiff's Decedent are entitled to recover from the aforementioned defendants, individually and/or jointly, all damages recoverable in a wrongful death action under EPTL 5-4.1 through 5-4.5 (and related provisions), including pecuniary damages for loss of support, voluntary assistance, possible inheritance, medical expenses incidental to death, funeral expenses, etc.

**WHEREFORE**, Plaintiff, Constance Lang, Executrix of the Estate of Richard Lang, demands judgment against the defendants, Granite Construction Northeast, Inc., Granite Construction Inc., Granite Construction Company of California a/k/a Granite Construction Company, Risa Management Corp. and/or ABC Corp. 1-20 (fictitious names representing as yet unidentified business entities), on the SECOND CAUSE OF ACTION pursuant to CPLR 3017(c), and demands that she be awarded all damages and relief to which Plaintiff and the other next of kin of Plaintiff's Decedent are entitled in a Wrongful Death Action, in an amount to be determined upon the trial of this action, together with interest, costs, disbursements, attorneys fees, and such other,

further, or different relief that the Court may find just, proper, and equitable under circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Attorneys at Law
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, New Jersey 07095
Telephone:      732-855-6006
Facsimile:      732-726-6571
Attorneys for Plaintiff

By: _____
     DARREN M. GELBER (5329)

Dated:   June 18, 2012

-18-

#6460609.1

#6460609.1